IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| MICHAEL P. DUNSMORE, | ) | Cause No. CV 08-71-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On September 30, 2008, Petitioner Michael Dunsmore filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. He also filed motions to proceed in forma pauperis and for the appointment of counsel. Petitioner is a state prisoner proceeding pro se.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

Petitioner challenges a decision of the Montana Board of Pardons and Parole. See Pet. (doc. 1) at 2, ¶ 1. He states that he has a petition pending in the Montana Supreme Court to address the

same issues he raises in his federal petition.  See, e.g., Pet. at 3 ¶ 8, 4 ¶ 15A(2)-(3), 6 ¶ 15C(2)-(3). While he raises one claim that he is not currently presenting in the Montana Supreme Court, see id. at 5 ¶ 15B(2)-(3), he does not state that he has raised that claim in any Montana court.

The United States Supreme Court issues a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  Rose v. Lundy, 455 U. S. 509, 520 (1982), quoted in Rhines v. Weber, 544 U.S. 269, 276-77 (2005).  If the Montana courts rule in Petitioner's favor, he will have no claim in this Court.  Rose and the cases on which it relies require the federal courts to let the state courts address state prisoners' claims first.  Therefore, Petitioner must present all of his claims in the Montana courts before he may file here.  His petition should be dismissed without prejudice for failure to exhaust state remedies.

Because the petition should be dismissed, the motions to proceed in forma pauperis and for the appointment of counsel are moot.

Pursuant to 28 U.S.C. § 2253(c), a federal habeas petitioner must obtain a certificate of appealability before an appellate court may hear his claims.  Where the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Here, there is no doubt whatever that Petitioner must proceed first in the Montana courts.  A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. All pending motions (docs. 2, 3) should be denied as MOOT.

2. The Petition (doc. 1) should be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

3. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

4. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 20th day of October, 2008.

       /s/ Keith Strong
       Keith Strong
       United States Magistrate Judge